IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **JOSH PARKER,** | |
| Plaintiff, | **8:24CV149** |
| vs. | **FOURTH AMENDED CASE PROGRESSION ORDER** |
| **UNION PACIFIC RAILROAD CO.,** | |
| Defendant. | |

This matter comes before the Court on the parties' Joint Motion for Extension of Deadlines (Filing No. 31). After review of the parties' motion, the Court finds good cause to grant the requested extensions. Accordingly,

**IT IS ORDERED** that the Joint Motion for Extension of Deadlones (Filing No. 31) is granted, and the third amended progression order is amended as follows:

1) Experts:

    a. The deadlines for identifying plaintiff's rebuttal expert witnesses and completing expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), remains **October 29, 2025**.

    b. The deadline for completing expert witness depositions is extended to **November 12, 2025**.

    c. The deadline for filing motions to exclude testimony on *Daubert* and related grounds is extended to **January 29, 2026**.

2) The deadline for filing motions to dismiss and motions for summary judgment is extended to **December 29, 2025**.

3) Within 7-days after the Court rules on any dispositive motions the parties shall contact chambers of the undersigned magistrate judge to schedule a planning conference to discuss the parties' interest in settlement, and the trial and pretrial conference settings, if necessary.

4) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.

5) All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 7th day of October, 2025.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge